Cody admitted substantially that he had never run an elevator before. The court charged that the jury could take that fact in consideration in determining whether he was negligent on this occasion. In this there was no error. The fact was legitimately in evidence, and the jury was entitled to give it that weight, if any, which, in the minds of practical men, it would bear upon the main question of fact to be determined, viz. whether or not he did start the elevator without giving warning.

The court further charged in that connection that "no negligence could be predicated upon the idea that Cody was incompetent, unfit, or too inexperienced to operate the elevator." The exception, therefore, has no relation to the cases cited by the appellants, in which incompetency has been improperly shown by general reputation. Here there was no question of incompetency, but only an alleged failure to exercise care charged against one who for the first time was engaged in the work at hand. The inexperience was an undisputed fact, and, while no negligence could be predicated upon it of itself, the defendants were not entitled to an instruction that the jury should ignore it as a fact.

It is urged that it was error to strike out Cody's evidence given on cross-examination, to the effect that he had no instructions to halloa before he started the elevator. He had testified to this, in substance, on his direct examination, and the ruling of the court, where the testimony was stricken out, was that it was not responsive. In the absence of the question, we cannot say that this ruling was not correct. The evidence being in the case, however, in another part of the testimony of the witness, the appellants were not prejudiced by the ruling, even if erroneous. The other rulings challenged in the appellants' brief have been examined, and none found to be erroneous. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

### SAVAGE v. ATLANTA HOME INS. CO.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

FOREIGN CORPORATION—BUSINESS WITHIN THE STATE — NONPAYMENT OF LICENSE FEE—MAINTENANCE OF ACTION.

Laws 1892, c. 687, §§ 15, 16, provide that no foreign stock corporation shall do business in the state till it has procured from the secretary of state a certificate of compliance with all requirements of law to authorize doing such business. Laws 1895, c. 240, § 1, provides that foreign corporations authorized to do business in the state shall pay a license fee for such right, and no such foreign corporation shall maintain any action in the state without obtaining a receipt for such license fee. Laws 1896, c. 908, § 181, forbade any foreign corporation to maintain an action in the state unless it had obtained a receipt for such license fee within 13 months after commencing business in the state. *Held*, that where a New Jersey corporation, owning a steamboat, and confining its business to running the same and leasing it, had never procured the required certificate and receipt, the mere fact that at one time the boat was run as a ferry between two points in New York Harbor will not be construed to be the doing of busi-

66 N.Y.S.—70

ness within the state, so as to bar an action on a fire insurance policy on the boat, since the license fees imposed by such statutes are taxes on business, and cannot be imposed on the transportation of persons or property over public waters without interfering with the constitutional right of congress to regulate commerce.

Appeal from trial term, Richmond county.

Action by Edward S. Savage against the Atlanta Home Insurance Company to recover on a policy insuring the steamboat H. E. Bishop against fire. From a judgment in favor of plaintiff, and from an order denying a new trial, and an order denying a resettlement of such order, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

John F. Foley, for appellant.
George W. Miller, for respondent.

HIRSCHBERG, J. In the voluminous brief filed on behalf of the appellant, considerable space is devoted to the main point presented, viz. that the complaint should have been dismissed because the insured, plaintiff's assignor and a foreign corporation, had not complied with the provisions of sections 15 and 16 of chapter 687 of the Laws of 1892, by procuring the certificate to do business in this state therein provided for, and had not complied with the provisions of section 1 of chapter 240 of the Laws of 1895, and of section 181 of chapter 908 of the Laws of 1896, by paying the license fee and obtaining the receipt and certificate of authority therein referred to. The learned trial justice reserved the consideration of the questions involved in this point until after the rendition of the verdict, and having then taken them under advisement, with the aid of briefs submitted by the parties, decided that the plaintiff's assignor had not done business in the state of New York, within the meaning of the statutes. We think his conclusion in this respect was correct. The plaintiff's assignor was a New Jersey corporation, and its business was confined to the running or the leasing by charter of the steamboat which the defendant insured, and which was substantially all its property. It had no place of business in this state, no agent or representative here, and no contract in or relating to its specific business was ever made within the state. The steamboat did run during the naval parade accompanying Admiral Sampson's fleet in August, 1898; but this was done by the captain individually, under a charter party executed in New Jersey. The year before the vessel ran between New York and Bay Ridge as a terminal ferry under a contract with the Long Island Railroad Company and the Newark Traction Company. The statutes under consideration should not be construed as applicable to such an engagement, or they might violate the provision of the federal constitution conferring upon congress the power to regulate commerce among the states, and the interstate commerce laws passed pursuant thereto. As was said by Judge O'Brien in People v. Wemple, 131 N. Y. 64, 71, 29 N. E. 1002:

"The property of a foreign corporation engaged in foreign or interstate commerce may be taxed equally with like property of a domestic corporation engaged in the same business, but a tax or other burden imposed upon the property of either corporation because it is used to carry on that commerce, or upon the transportation of persons or property, or for the navigation of the public waters over which the transportation is made, is invalid and void, as interference with and obstruction of the power of congress in the regulation of commerce. Ferry Co. v. Pennsylvania, 114 U. S. 211, 5 Sup. Ct. 826, 29 L. Ed. 158."

The tax or burden imposed by the statutes under consideration upon foreign corporations is laid, not upon their property, but upon their business, and cannot be lawfully imposed upon the business of interstate commerce or transportation. See, also, Robbins v. Shelby County Taxing Dist., 120 U. S. 489, 7 Sup. Ct. 592, 30 L. Ed. 694, and McCall v. California, 136 U. S. 104, 10 Sup. Ct. 881, 34 L. Ed. 392. The other acts referred to by the appellant as constituting the transaction of business within this state are clearly alien to the contemplation of the law.

There were numerous questions raised upon the trial with respect to the payment of the premium, the proofs of loss, the amount of damage, the veracity of the parties representing the insured when under examination subsequent to the loss, the validity of the assignment to the plaintiff, and the sufficiency of the proof on that subject, and several exceptions were taken to the charge; but we find no error in the disposition of them by the court, or in the rulings complained of. The judgment and orders should be affirmed.

Judgment and orders affirmed, with costs. All concur.